**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **CHARLES NATHAN SPYKER,** | CASE NO. 3:25 CV 2109 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **OHIO ATTORNEY GENERAL, et al.,** | |
| Defendants. | **DISMISSAL ORDER** |

Currently pending before the Court is Defendant Kenneth M. Richards, Counsel for AgCredit's Motion to Dismiss this case for lack of jurisdiction. (Doc. 10). Plaintiff has not responded to the Motion and the time in which to do so has expired. *See* Loc. Civ. R. 7.1(d). For the reasons set forth below, this case is dismissed.

Although somewhat difficult to discern, Plaintiff's Complaint, filed on October 3, 2025, relates to an underlying bankruptcy proceeding and a foreclosure of real property. *See* Doc. 1. He seeks injunctive relief against Ag Credit[1] and its attorney, Kenneth M. Richards "who are trying to get around the automatic stay in Bankruptcy Case." (Doc. 1, at 4); *see also id.* at 7 (stating that these parties "are trying to abandon the Automatic stay of proceedings which is why petitioner is asking for a mandatory injunction to prevent further irreparable harm to his person, land, and home"). Plaintiff further names as a Defendant Ohio Attorney General Dave Yost. *Id.* at 7. Plaintiff asserts he seeks to avoid the "possible loss of [his] home, land and effects." *Id.* at 5.

---

1. As Richards points out, although Plaintiff seemingly seeks to bring claims against AgCredit, AgCredit is not a properly-named Defendant and has not been served. *See* Doc. 10, at 1 n.1.

Petitioner cites Article 14, Section 3[2] of the United States Constitution and the Fourth Amendment. *See id.* at 4-5.

On February 25, 2025, AgCredit filed a foreclosure complaint against Plaintiff and others in the Seneca County Court of Common Pleas regarding its mortgage on real property located at 16424 E. Township Road 126 in Attica, Ohio. *See* Doc. 8-1; *see also AgCredit v. Spyker, et al.*, No. 25 CV 83 (Seneca Cnty. Ct. C.P.)

Plaintiff filed a bankruptcy case on June 23, 2025. *See In re: Charles N. Spyker*, No. 25-31306 (Bankr. N.D. Ohio).

On June 27, 2025, AgCredit filed a Notice of Bankruptcy Filing with the Seneca County Court of Common Pleas. (Doc. 10-2). On June 30, 2025, that Court ordered the case stayed pending administration of the bankruptcy case. *See AgCredit v. Spyker, et al.*, No. 25 CV 83 (Seneca Cnty. Ct. C.P.) (docket entry).

On September 22, 2025, AgCredit moved the Bankruptcy Court for relief from the automatic stay. *See In re: Charles N. Spyker*, No. 25-31306 (Bankr. N.D. Ohio) (Doc. 36). The Bankruptcy Court held a hearing on the motion, and, on November 7, 2025, denied the motion for relief from the stay. (Doc. 8-3). In its order addressing the request for a stay, the Bankruptcy Court denied relief from the stay on the conditions that Plaintiff make monthly payments to AgCredit and maintain homeowner's insurance on the property. *See id.*

---

2. Article 14, Section 3 of the Constitution is the disqualification clause:

> No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

No further action has been taken in the Seneca County Common Pleas Court case. Plaintiff's bankruptcy case remains open.

28 U.S.C. § 157(a) provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The Northern District of Ohio has done so. *See Referral of Title 11 Matters in the U.S. Bankruptcy Court for the Northern District of Ohio*, General Order No. 2012-07 (N.D. Ohio Apr. 4, 2012). The governing statute further provides:

> Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(b).[3] The statute defines "core proceedings" as follows:

> **(2)** Core proceedings include, but are not limited to--
> **(A)** matters concerning the administration of the estate;
> **(B)** allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
> **(C)** counterclaims by the estate against persons filing claims against the estate;

---

3. The referenced statutory section governing review of bankruptcy orders provides that district courts "shall have jurisdiction to hear appeals:"
> **(1)** from final judgments, orders, and decrees;
> **(2)** from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> **(3)** with leave of the court, from other interlocutory orders and decrees;
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158. Plaintiff does not purport to seek an appeal of a specific order of the bankruptcy court. *See* Doc. 1.

**(D)** orders in respect to obtaining credit;

**(E)** orders to turn over property of the estate;

**(F)** proceedings to determine, avoid, or recover preferences;

**(G)** motions to terminate, annul, or modify the automatic stay;

**(H)** proceedings to determine, avoid, or recover fraudulent conveyances;

**(I)** determinations as to the dischargeability of particular debts;

**(J)** objections to discharges;

**(K)** determinations of the validity, extent, or priority of liens;

**(L)** confirmations of plans;

**(M)** orders approving the use or lease of property, including the use of cash collateral;

**(N)** orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

**(O)** other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

**(P)** recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C.A. § 157(a)(2).

Plaintiff has a pending Chapter 7 Bankruptcy case. *See In re: Charles N. Spyker*, No. 25-31306 (Bankr. N.D. Ohio). Any assets owned by Plaintiff, including the real property at issue in the pending Complaint and any related pre-bankruptcy causes of action, are part of the estate and properly brought before the Bankruptcy Court. *See* 11 U.S.C. § 541 (defining property of the bankruptcy estate broadly as "[e]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case"). Plaintiff has not responded to Richards' Motion and has made no showing that the claims he seeks to assert in the instant case are not "core proceedings" committed to the Bankruptcy Court.[4] This includes any allegation that the bankruptcy stay is somehow being violated.

---

4. To the extent there is any dispute regarding whether the real property at issue was property of the estate, a determination of such is still a core proceeding committed to the Bankruptcy Court. *See Hoerner v. Van Setten* (*In re Specialty Servs., Inc.*), 311 B.R. 745, 746 (Bankr. W.D. Mich. 2004) (holding that an adversary proceeding to determine whether a motorcycle was property of the estate was a core proceeding); *Pension Benefit Guar. Corp. v. Cont'l Airlines, Inc.* (*In re*

These matters are properly before the Bankruptcy Court, not this Court. As such, the Court grants the Motion to Dismiss and dismisses this matter in its entirety.[5]

For the foregoing reasons, good cause appearing, it is

ORDERED that Kenneth M. Richards's Motion to Dismiss (Doc. 10) be, and the same hereby is GRANTED and this case is DISMISSED in its entirety; and it is

FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Doc. 7), be and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion to Seal Case (Doc. 3) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for Leave of Court to Make Deposit with the Clerk of Court be, and the same hereby is, DENIED AS MOOT.


 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 15, 2026

---

*Cont'l Airlines, Inc* .), 138 B.R. 442, 445 (D. Del. 1992) ("The determination of the property of the estate is one of the core proceedings arising under title 11.").
5. *See Quinn v. Shirey*, 293 F.3d 315, 325 n.4 (6th Cir. 2002) (finding permissible dismissal as to all defendants where argument made by one defendant applied to the other and plaintiff had an adequate opportunity to respond to the basis for dismissal).